UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUJUE WANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY STATE POLICE, et al.,<br><br>Defendants. | Civil Action No.<br>3:18-cv-11933 (BRM) (ZNQ)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon Plaintiff Yujue Wang's ("Ms. Wang") and her husband, Peng Xie's ("Mr. Xie") (collectively, "Plaintiffs") Motion for Leave to File a Third Amended Complaint (the "Motion"). (Moving Br., ECF No. 43-3.) Defendants New Jersey State Police, Detective Joseph Czech, Detective Brian Quirk, and John Does 1-10 (collectively, "Defendants") opposed, (Defs.' Opp'n, ECF No. 44), and Plaintiffs replied, (Pls.' Reply, ECF No. 45). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiffs' Motion is denied.

I.  **BACKGROUND**

Plaintiffs seek leave to file a Third Amended Complaint. This action stems from events that occurred during a New Jersey State Police investigation of a business suspected of prostitution. (Third Am. Compl. at ¶¶ 20-26, ECF No. 43-4.) Plaintiffs allege, among other things, that Defendants, acting as agents of the New Jersey State Police, unlawfully arrested and imprisoned Ms. Wang, failed to consider evidence of her innocence, and subjected her to public and private humiliation. (*See generally id.*) Plaintiffs allege that Ms. Wang suffered from malicious

7

prosecution, conspiracy by Defendants to unlawfully arrest, imprison, and maliciously prosecute her, as well as resulting emotional distress and humiliation. (*Id.* at ¶¶ 110-38.) Plaintiffs further allege violations of Ms. Wang's rights under the New Jersey Constitution and New Jersey Civil Rights Act (N.J.S.A. §§ 10:6-1 to 2), including violations of her right of due process, privacy, and freedom from unreasonable searches and seizures. (*Id.* at ¶¶ 139-46.) Lastly, Plaintiffs allege that Mr. Xie suffered from a loss of consortium with Ms. Wang due to Defendants' actions. (*Id.* at ¶¶ 152-54.)

Plaintiffs filed their First Complaint on July 22, 2018 against Defendants New Jersey State Police, Detective Joseph Czech, Detective Brian Quirk, and John Does 1-10. (Compl., ECF No. 1.) Plaintiffs then filed First and Second Amended Complaints, to which Defendants did not respond. (ECF Nos. 5 and 6.) The Court issued a Consent Order to vacate a default judgment against Defendants and extended the time for Defendants to respond to the Second Amended Complaint. (ECF No. 14.) On December 28, 2018, Defendants filed a motion to dismiss the Second Amended Complaint. (ECF No. 15.) Plaintiffs requested additional time to respond to Defendants' motion to dismiss twice, first for impending state court trials and second because of Plaintiffs' previously scheduled commitments. The Court granted both extensions. (ECF Nos. 17, 19, and 20.) Plaintiffs then filed an opposition to Defendants' motion to dismiss on February 26, 2019. (ECF No. 21.) Defendants did not file a timely reply and requested more time. The Court granted the extension, (ECF No. 23), and Defendants replied on March 29, 2019, (ECF No. 24). On August 19, 2019, the Court granted in part and denied in part Defendants' motion to dismiss. (ECF Nos. 25 and 26.)

Defendants then requested an extension of time to answer Plaintiffs' Second Amended Complaint. (ECF No. 27.) The Court extended the time for Defendants to answer until September

16, 2019, and Defendants filed their answer on September 17, 2019. (ECF No. 28.) On November 20, 2019, the Court entered a Pre-Trial Scheduling Order, which set the deadlines for written discovery to December 25, 2019, filing motions to amend pleadings to March 21, 2020, and fact discovery to August 7, 2020. (ECF No. 33.) The Court granted a discovery confidentiality order on March 2, 2020, and both parties submitted documents in response to notices to produce. (ECF No. 36.) Telephone status conference calls were held on June 17, 2020 and August 3, 2020. (ECF Nos. 39 and 40.) On December 1, 2020, Plaintiffs informed the Court that they learned additional details about Detective Sefick's and Detective Cipot's involvement in the matter through Detective Quirk's deposition on November 17, 2020. (Moving. Br. at 4.) Although the Court informed Plaintiffs that the time for amending the complaint had long passed, the Court allowed Plaintiffs to seek leave to file a third amended complaint by December 21, 2020. The Court also extended the deadline for discovery to February 25, 2021. (*Id.*)

**II.     LEGAL STANDARD**

    **A. Rule 15(a)(2)**

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility 'means that the complaint, as amended, would fail to state a claim upon which

7

relief could be granted.'" *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007). "The standard for assessing futility is the 'same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6),'" meaning that all pleaded allegations are taken as true and viewed in a light most favorable to plaintiff. *Id.* (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007)). "[D]elay alone does not justify denying a motion to amend." *Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*, No. 14-4265, 2017 WL 772905, at *4 (D.N.J. Feb. 27, 2017). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)) (alteration in original). The Third Circuit has contemplated that the standard for denial of amendment is high, stating "[g]enerally, Rule 15 motions should be granted." *United States ex rel. Customs Fraud Investigations, LLC*. v. *Victaulic Co.*, 839 F. 3d 242, 249 (3d Cir. 2016).

B. **Heightened Standard of Review Under Rule 16(b)(4)**

When a Motion for Leave to File an Amended Complaint is filed after the court-ordered deadline, the liberal Rule 15 standard yields to the "good cause" requirement of Rule 16(b)(4). *Lee v. Park*, No. 17-1421, 720 Fed. Appx. 663, 669 (3d Cir. 2017); *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, No. 04–1817, 2005 WL 195076, at *2 (3d Cir. 2005). Thus, to proceed in such context, a plaintiff must make the threshold showing that there is "good cause" to modify the Court's Scheduling Order, and that he or she has acted with reasonable diligence despite the failure to comply with same. *Young v. United States*, 152 F. Supp. 3d 337, 352-53 (D.N.J. 2015); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's

7

consent."); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). If a plaintiff demonstrates good cause, the Court then reverts to the standard set forth in Fed. R. Civ. P. 15(a), and still has discretion to deny the amendment if there is "undue delay," "bad faith," "dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice to the opposing party," or "futility." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010).

### III. DISCUSSION

Defendants first argue that the Motion should be decided under the "good cause" and "reasonable diligence" standards of Rule 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter, "Rule" unless otherwise stated) because Plaintiffs filed the Motion after the Court-ordered deadline of March 31, 2020. (Defs.' Opp'n at 3-4.) Plaintiffs argue that they filed the Motion within the new deadline set by the Court, December 21, 2020, (ECF No. 42), and therefore Rule 15 is the appropriate standard of review. The Court disagrees with Plaintiffs characterization of the December 21, 2020 deadline. The Court did not amend the Scheduling Order and extend the deadline to amend the complaint to December 21, 2020. The Court simply established a deadline for Plaintiffs to file their Motion for Leave to File a Third Amended Complaint. For purposes of the standard of review, Plaintiffs filed the Motion well after the established deadline of March 31, 2020. The Court will therefore analyze the parties' arguments under a Rule 16 "good cause" standard of review. *See* Fed. R. Civ. P. 16.

Defendants argue that under the Rule 16 standard, the Motion should be denied because Plaintiffs fail to satisfy the good cause requirement. Furthermore, Defendants argue that even if the Court finds that Plaintiffs satisfied the good cause requirement, leave should be denied because

7

it causes undue delay and prejudice, is futile, and was brought by Plaintiffs in bad faith or with dilatory motive. (Defs.' Opp'n at 4-5.) The Court now considers the Motion under Rule 16's good cause standard.

### A. Good Cause

Plaintiffs must make the threshold showing that there is "good cause" to modify the Court's Scheduling Order, and that they have acted with reasonable diligence despite the failure to comply with same. *Young v. United States*, 152 F. Supp. 3d 337, 352-53 (D.N.J. 2015); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). If a plaintiff demonstrates good cause, the Court then reverts to the standard set forth in Fed. R. Civ. P. 15(a), and still has discretion to deny the amendment if there is "undue delay," "bad faith," "dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice to the opposing party," or "futility." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010).

Here, Plaintiffs argue that they satisfy the good cause requirement because their delay in seeking to add Officers Sefick and Cipot will not burden the Court or cause prejudice to Defendants. (Pls.' Reply at 6.) However, Plaintiffs note that they received Officer Sefick's and Officer Cipot's investigative reports regarding Ms. Wang's arrest in June 2020. Plaintiffs then claim that "as a result of additional details gleaned" from Defendant Quirk's deposition, Plaintiffs realized "the need to amend the complaint." (*Id* at 8-9.) After reviewing the deposition of Defendant Quirk, the Court finds that Plaintiffs have not met the good cause requirement of Rule 16. Defendant Quirk's deposition does not offer any additional information to the investigative

reports that Plaintiffs, by their own admission, had access to in June 2020. (*See* Defs.' Opp'n, Exhibit J, Quirk Dep. at 36:14-37:2, 39:23-40:10, 99:16-100:1.) Furthermore, Ms. Wang testified in her deposition and certified in her interrogatory responses about her knowledge of Officer Sefick's and Officer Cipot's involvement in her case as early as her arrest date in 2016. (*See* Defs.' Opp'n, Ex. L, at 14.) Therefore, Plaintiffs' failed to act diligently while aware of Officer Sefick's and Officer Cipot's involvement as early as 2016, after receiving Defendants Initial Disclosures in January 2020, and again after gaining access to Officer Sefick's and Officer Cipot's investigative reports in June 2020. Plaintiffs' unwarranted delay until December 2020 to seek leave to amend their complaint, fails to satisfy the good cause standard. On this ground alone, Plaintiffs' Motion is denied.

As discussed below, even if the Court finds good cause for Plaintiffs' delay, the analysis of the Rule 15 factors would lead the Court to the same result.

### B.  Undue Delay and Prejudice

Defendants allege that by seeking leave to amend their complaint a third time, Plaintiffs are causing undue delay to the Court and unfair prejudice to Defendants. (Defs.' Opp'n at 11, 13-16.) Regarding delay, Defendants argue that their "Initial Disclosures [of January 3, 2020] provided Plaintiffs and their attorneys with extensive details concerning Detective Sergeants Sefick's and Cipot's involvement with the case." (*Id.* at 13.) Defendants argue that investigative reports and internal affairs statements made by Detectives Sefick and Cipot were available to Plaintiffs when Defendants submitted all requested documents on June 12, 2020 and that more information about their roles in the investigation was made available to Plaintiffs in Defendants' responses to Plaintiffs' first set of interrogatories. (*Id.* at 13-14.) Defendants further argue that Plaintiffs could have added Detectives Sefick and Cipot in the First Complaint because Ms. Wang

7

"testified during her own deposition that Detective Sergeant Cipot was present at a proffer session which took place at her former attorney's law firm sometime between August 25, 2016 and September 28, 2016." (*Id.* at 15.) Thus, Ms. Wang was aware of Detective Cipot's involvement at that time. (*Id.*)

Plaintiffs allege that, regarding the Initial Disclosures, Defendants named Detectives Sefick and Cipot as officers involved in the prostitution investigation at large, but "did not provide any documents as part of the disclosure." (Pls.' Reply at 7.) Regarding the other sources of information mentioned above, Plaintiffs argue that the Motion will not unduly delay the case because discovery itself did not begin until after the Court granted Defendants' request for a discovery confidentiality order on March 2, 2020. (*Id.*) Plaintiffs further argue that the generic court delays that occurred because of COVID-19 around that time contributed to the slow discovery process, and that Defendants did not produce their first set of discovery documents until June 12, 2020, (*id.* at 7-8), which prevented Plaintiffs from accessing the detailed investigative reports and internal affairs statements. Additionally, Plaintiffs argue that due to the delayed nature of the case's timeline, they could not depose their first witness, Detective Quirk, until November 17, 2020. (*Id.* at 9.)

Delay alone, without more, is typically not enough to justify denying a motion to amend. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In determining undue delay, courts must "focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." (*Id.*)

Defendants argue that "evaluating two new defendants for conflicts of interest; filing responsive pleadings (and/or motions to dismiss) for two new defendants; and . . . extensive supplemental discovery" will lead to "further delays associated with serving two more defendants with process[.]" (Defs.' Opp'n at 16.) The Court agrees with Defendants in that Plaintiffs' decision

7

to wait until December 2020 to seek leave to file a Third Amended Complaint rises to the level of undue delay. This is especially true where Plaintiffs had the requisite knowledge of Officer Sefick's and Officer Cipot's involvement since 2016, again in January 2020, and also again in June 2020. Furthermore, Defendant Quirk's deposition did not shed any additional light on Officer Sefick's and Officer Cipot's involvement than what should have been gleaned from the investigative reports alone. Plaintiffs had multiple earlier opportunities to amend their complaint to add Officers Sefick and Cipot and failed to do so. As a result, the Court finds undue delay here. Additionally, the Court also finds that Defendants will be significantly prejudiced if compelled to reset motion practice and the discovery process at such a late stage in the litigation. This factor weighs against granting leave to amend the complaint.

### C. Bad Faith and Dilatory Motive

Defendants allege that Plaintiffs are "attempt[ing] to 're-start' discovery almost two-and-a-half years after they filed their lawsuit" by seeking leave to file a Third Amended Complaint. (Defs.' Opp'n at 17.) Defendants further argue that Plaintiffs' argument that they learned more about Sefick's and Cipot's involvement on November 17, 2020 during Defendant Quirk's deposition is "demonstrably false" because Quirk's deposition "reveals nothing about Detective Sergeant Sefick and/or Detective Sergeant Cipot's involvement with the facts of the case." (Defs.' Opp'n at 16.)

The Court agrees with Defendants that discovery will be significantly delayed. Furthermore, the Court agrees with Defendants that Plaintiffs' claim that they gleaned additional information regarding Officer Sefick's and Officr Cipot's involvement from Defendant Quirk's deposition requiring amendment is at least exaggerated. Furthermore, as previously addressed, Plaintiffs had the requisite knowledge to add these defendants as early as 2016 and at the latest by

7

June 2020. That being said, the Court will not go so far as to say that Plaintiffs' efforts rise to the level of bad faith or dilatory motive. Thus, this factor does not weigh in favor or against the amendment.

### D. Futility

Lastly, Defendants argue that Plaintiffs' proposed Third Amended Complaint is futile. (Defs.' Opp'n 17.) In determining whether a proposed amendment is futile, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). An amended complaint is futile if, as amended, it "would fail to state a claim upon which relief could be granted." *Id.* The Court "determines futility by taking all pleaded allegations as true and viewing them in the light most favorable to [the moving party]." *Great W. Mining & Min. Co.*, 615 F.3d at 175. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Defendants argue that the "vast majority of [Plaintiffs'] new claims are time barred" and do not relate back to any of Plaintiffs' prior complaints in this action. (Defs.' Opp'n at 19.) Plaintiffs did not respond to these claims in their reply. (*See generally* Pls.' Reply.) Defendants correctly note that amendments seeking to add new parties relate back only if the claims against the proposed additional defendants "arose out of conduct, transaction, or occurrence set out . . . in the original pleading" and within the service period, the proposed additional defendants "received such notice of the action that [they] [would] not be prejudiced in defending on the merits;" and they "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15 (c)(1)(C) (i)-(ii). Here, there

7

is no dispute that the claims arise out of the same "conduct, transaction, or occurrence set out . . . in the original pleading." However, the Court finds that Officers Sefick and Cipot could not have known that Plaintiffs would bring such claims against them more than four years after Ms. Wang's knowledge of their involvement, then again after initial disclosures were produced by Defendants, and again after Defendants produced their investigative reports. In other words, Officers Sefick and Cipot could not reasonably believe that after all the available information to Plaintiffs, and Plaintiffs' failure to make any effort to add them as defendants throughout the litigation, that somehow now they would be called upon to defend themselves in this action. Therefore, this factor weighs against granting leave to amend the complaint.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, and for other good cause shown,

**IT IS** on this 1st day of March, 2021 **ORDERED** that:

1. Plaintiffs' Motion for Leave to File a Third Amended Complaint is hereby

    **DENIED.**

                                                     s/Zahid N. Quraishi
                                                     **ZAHID N. QURAISHI**
                                                     **UNITED STATES MAGISTRATE JUDGE**